Frank S. Colton v. Lawrence M. Sullivan.— Motion granted, with ten dollars costs.

Frank S. Colton v. Lawrence M. Sullivan.— Motion granted, with ten dollars costs.

Frank S. Colton v. Lawrence M. Sullivan.— Motion granted, with ten dollars costs.

James B. Swing v. Charles Kaufman. Louis A. Sheinart v. Hy. A. Ritchie. Max Schlesinger v. Hy. A. Ritchie. William Ross v. Adrian H. Joline. Jerome Rosenthal v. Frederick Forman.— Applications denied, with ten dollars costs in each case. Orders signed.

Alfred W. Durante v. Albert Raimon.— Application granted. Order signed.

Tilbert Mayer v. Consolidated Ice Company.— Motion granted; question to be determined on settlement of order. Settle order on notice.

William Messer Company v. Abraham Rothstein.— Motion denied, with ten dollars costs.

Fanny S. Laird v. Andrew B. Carton.— Motion granted. Settle order on notice.

William H. Russell v. Pittsburgh Life and Trust Company.— Motion denied, with ten dollars costs.

David McCallum v. Corn Products Company.— Motion denied, with ten dollars costs.

Damiano Musco v. United Surety Company.— Motion granted.

Pietro Benvegna v. United Surety Company.— Motion granted.

Conrado Danielson v. Jacob Ahearn.—Motion granted. Settle order on notice.

In the Matter of Carl Fischer-Hansen.— Respondent disbarred. Settle order on notice.

---

## Second Department, May, 1909.

SEAMON FRANK, Respondent, v. ADOLPH FIRESTONE, Appellant.

*Trust — basis of equitable jurisdiction — trial — weight of evidence.*

Appeal by the defendant from a judgment of the Special Term in favor of the plaintiff, entered in the office of the clerk of Kings county on the 9th day of October, 1908.

WOODWARD, J.: The plaintiff brings this action in equity to establish the existence of a trust relation between the parties growing out of certain real estate transactions and for an accounting by the defendant respecting the proceeds thereof. The plaintiff's cause of action is based upon the theory that he had contracted for two certain parcels of real estate intending to sell them to a real estate company by which he was employed as a sales manager upon a commission basis; that for reasons of his own he employed the defendant for a consideration of $100 to act as a dummy in the transaction, the plaintiff furnishing all of the money; that the defendant entered into the arrangement, became the nominal party to the contracts which were entered into, resulting in a profit of over $2,000, which sum the defendant has failed to pay over to the plaintiff. The